IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION
Senior Judge John L. Kane[1]

Civil Action No. 09-cv-00063-JLK

WILLIAM M. YORK, and
NATHAN J. YORK,

      Plaintiffs,

v.

UNITED STATES DEPARTMENT OF JUSTICE,
BUREAU OF ALCOHOL, TOBACCO, FIREARMS, & EXPLOSIVES,
SECRETARY, DEPARTMENT OF THE TREASURY,
TENA CAMPBELL,
U. S. CUSTOMS, and
100 DOES,

      Defendants.

## ORDER OF DISMISSAL

Plaintiffs, William M. York and Nathan J. York, citizens of Utah, initiated the instant action on January 23, 2009, by filing *pro se* a civil rights complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and 28 U.S.C. § 1331, in the United States District Court for the District of Utah (District of Utah), Central Division, seeking the return of 1,100 forfeited machine gun receivers.

On February 3, 2009, the action was reassigned to me because the complaint named as a defendant the chief judge of the District of Utah. On May 13, 2009, Plaintiffs filed an amended complaint pursuant to "Article III § 2 which extends the jurisdiction to cases arising under the

---

[1] The Honorable John L. Kane, Senior United States District Judge for the District of Colorado, sitting by designation.

U.S. Constitution as well as to the provisions for judicial reviews allowed as stated in 18 USC 923," 28 U.S.C. § 1331, and "any & all other Federal & State statutes (including USC Title 18 Chapter 96) that are applicable to the preservation, and redress of violations, of Plaintiff's [sic] U.S. Constitutional and/or Civil rights – specifically those enumerated and reaffirmed in *District of Columbia v. Heller* (2008)[)]." Amended complaint at 1.

Some background is in order. In 1997, the United States filed a complaint in the District of Utah pursuant to 18 U.S.C. § 545 and 19 U.S.C. § 1595a(c)(2)(B) seeking forfeiture of 1,100 machine gun receivers. *See United States v. 1,100 Machine Gun Receivers*, No. 97-cv-00491-TC (D. Utah Aug. 26, 1999). Interport, Inc. was the claimant. The primary business of Interport was importing firearms and firearm parts into the United States. William York was the president and authorized agent of Interport, had been involved for many years in the firearm industry, and had testified as an expert in litigation involving firearms. Trial was held before the district court, sitting without a jury, on July 15-16, 1999. The district court took the matter under advisement, reviewed the evidence received, considered the arguments of counsel and the applicable law, and on August 26, 1999, in an unpublished opinion, entered its findings of fact and conclusions of law. The Honorable Tena Campbell served as the judge in the civil forfeiture action.

The district court found, in pertinent part, as follows:

> On October 28, 1994, Interport submitted to the Bureau of Alcohol, Tobacco and Firearms (ATF) a form entitled "Application and Permit for Importation of Firearms, Ammunition and Implements of War." (Pl.'s Ex. 10). This form is commonly known as a "Form 6." York prepared and signed the Form 6.
>
> York, on behalf of Interport, wrote on the Form 6 that Interport was applying to import "Spare parts for AKM type Miliary Rifle (as per attachment) NO RECEIVERS!" (Pl.'s Ex. 10). The list attached to the Form 6 identified the defendants as

>       "FIRE CONTROL BOX - cut from rifle." (Id. at 2).  York thought
> of the term "fire box" himself. (Pl.'s Ex. 22 at 4).
>
>       When the ATF approves a Form 6 application, a number is
> stamped on the face of the form; the Form 6 then is no longer an
> application but becomes the permit allowing importation of
> firearms.  On November 22, 1994, ATF approved Interport's
> application and issued Permit No. 94-13811.  The ATF stamped on
> the front of the Form 6: "NO FIREARMS, FRAMES,
> RECEIVERS OR ACTIONS FOR FIREARMS ARE
> AUTHORIZED FOR IMPORTATION UNDER THIS PERMIT."
> (Pl.'s Ex. 10).
>
>       Defendants were shipped with the other AKM parts from
> Germany to the United States at the direction of Interport.  They
> arrived in San Francisco in January 1995 and were transported to
> Salt Lake City, Utah, the official port of entry.
>
>       After inspecting the shipment, inspectors from the United
> States Customs Services ("Customs") allowed all items except the
> defendants to be released to Interport.  Customs requested an
> opinion from ATF whether the defendants were AKM receivers.
> On January 30, 1995, based on ATF's opinion that defendants
> were receivers, Customs inspectors seized the defendants as
> merchandise being introduced into the United States in violation of
> law.
>
>       The United States contends that the defendants are
> receivers and therefore subject to forfeiture.  Interport contends
> that the defendants are "scrap" and not receivers because, as they
> exist in their present state, the defendants cannot receive a barrel
> (footnote omitted).

Id. at 1-3.

The district court held that the 1,100 machine gun receivers did meet the regulatory definition of a receiver, were subject to forfeiture pursuant to 19 U.S.C. § 1595a(c)(2)(B), and ordered the forfeiture of the 1,100 machine gun receivers under 18 U.S.C. § 545.  Judgment was entered on August 30, 1999.  An amended judgment and order of forfeiture was entered on October 12, 1999.  On December 12, 1999, William York, as agent of Interport, filed a notice of

3

appeal, which the United States Court of Appeals for the Tenth Circuit (Tenth Circuit) subsequently dismissed for lack of prosecution.

In late December 1999, William York filed *pro se* a motion pursuant to Fed. R. Civ. P. 60(b), in which he argued that the trial testimony of a United States witness was untruthful, the district court's findings and conclusions were invalid, the court's order did not address other items seized, and that Interport's counsel was ineffective.  On January 24, 2000, the district court denied the motion.  William York did not appeal from the denial of the motion.

On March 2, 2000, William York filed a pleading denominated as a motion to reconsider and for findings of fact and conclusions of law under Fed. R. Civ. P. 60(b).  In the motion, William York again challenged the district court's findings and conclusions, and argued that he was denied due process as a result of his counsel's incompetence.  On March 14, 2000, the district court denied the motion on the ground that it made the same arguments contained in his original Rule 60(b) motion.  On May 16, 2000, William York filed a notice of appeal from this ruling.

On May 11, 2001, the Tenth Circuit issued its order and judgment affirming the denial of Mr. Williams' second Fed. R. Civ. P. 60(b) motion.  *See United States v. 1,100 Machine Gun Receivers*, No. 00-4086 (10th Cir. May 11, 2001).  In its affirmance, the Tenth Circuit noted, in pertinent part, as follows:

> Mr. York did not pursue an appeal of the matters decided in the district court's judgment and order of forfeiture entered October 12, 1999, and instead filed a motion under Rule 60(b) more than ten days after the entry of that judgment.  A Rule 60(b) motion does not toll the time for filing an appeal, and an appeal from the denial of a Rule 60(b) motion does not preserve for appellate review the merits of the underlying judgment.  *See Hawkins v. Evans*, 64 F.3d 543, 546 (10th Cir. 1995).  Thus, Mr.

> York failed to preserve for appellate consideration the merits of the October 12 ruling.
>
> Moreover, Mr. York did not appeal the denial of his first Rule 60(b) motion, and instead filed a second motion for reconsideration under Rule 60(b) more than ten days after his original motion was denied.  This second motion likewise did not toll the time for appealing the denial of his original Rule 60(b) motion, nor does the appeal of the second denial present the propriety of the ruling on his original motion.  It is clear that Mr. York has not preserved for appellate consideration either the merits of the original judgment and order of forfeiture or the propriety of the denial of his original Rule 60(b) motion.  The only issue properly before us is the district court's denial of Mr. York's second motion on the ground that it raised the same arguments presented in his first motion.
>
> . . . .
>
> Here the successive Rule 60(b) motion merely reiterates arguments previously made to and rejected by the district court.  Accordingly, the court did not abuse its discretion in denying the motion (footnote omitted).

*Id.* at 3-5.

Now, William York and Nathan York have filed the instant lawsuit against the district court judge and others involved in No. 97-cv-00491-TC in another attempt to recover the 1,100 forfeited machine gun receivers.  As the Tenth Circuit already has explained, by failing to pursue an appeal of the matters decided in the district court's judgment and order of forfeiture entered October 12, 1999, William York failed to preserve for appellate consideration the merits of the October 12 ruling.  Plaintiffs may not achieve through a separate lawsuit the opportunity they forfeited by failing to pursue an appeal from the district court's October 12 ruling.  Accordingly, it is

ORDERED that the amended complaint and the action are dismissed with prejudice.

5

DATED at Denver, Colorado, this 29th day of June , 2009.

            BY THE COURT:

            *S/John L. Kane*
            JOHN L. KANE
            Senior United States District Judge