IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION
Judge John L. Kane[1]

Civil Action No. 09-cv-00063-JLK

WILLIAM M. YORK, and
NATHAN J. YORK,

    Plaintiffs,

v.

UNITED STATES DEPARTMENT OF JUSTICE,
BUREAU OF ALCOHOL, TOBACCO, FIREARMS, & EXPLOSIVES,
SECRETARY, DEPARTMENT OF THE TREASURY,
TENA CAMPBELL,
U. S. CUSTOMS, and
100 DOES,

    Defendants.

---

ORDER DENYING REQUEST TO RECUSE AND MOTION TO RECONSIDER

---

    Plaintiffs, William M. York and Nathan J. York, citizens of Utah, initiated the instant action on January 23, 2009, by filing *pro se* a civil rights complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and 28 U.S.C. § 1331, in the United States District Court for the District of Utah (District of Utah), Central Division.

    On February 3, 2009, the action was reassigned to me because the complaint named as a defendant the chief judge of the District of Utah. On May 13, 2009, Plaintiffs filed an amended complaint "pursuant to Article III § 2 which extends the jurisdiction to cases arising under the

---

[1] The Honorable John L. Kane, Senior United States District Judge for the District of Colorado, sitting by designation.

U.S. Constitution as well as to the provisions for judicial reviews allowed as stated in 18 USC 923," 28 U.S.C. § 1331, and "any & all other Federal & State statutes (including USC Title 18 Chapter 96) that are applicable to the preservation, and redress of violations, of Plaintiff's [sic] U.S. Constitutional and/or Civil rights – specifically those enumerated and reaffirmed in *District of Columbia v. Heller* (2008)." Amended Complaint (Doc. 6) at 1.

On June 29, 2009, I dismissed the Amended Complaint and the action with prejudice. On June 23, 2010, Plaintiffs filed a motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure in which they seek my recusal, Fed. R. Civ. P. 60(b) Motion (Doc. 9) at 5, and what they characterize as "equitable relief." *Id.* at 2. On June 24, 2010, Plaintiffs filed an amendment to their Rule 60(b) motion to correct their misspelling of my name.

I must construe Plaintiffs' filings liberally because they are representing themselves. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, I should not be the *pro se* litigants' advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, the request for recusal and the Fed. R. Civ. P. 60(b) Motion is denied.

*Request for Recusal*

Requests for recusal are governed by 28 U.S.C. §§ 144 and 455. Title 28 U.S.C. § 144 provides a procedure whereby a party to a proceeding may request thepresiding judge before to recuse himself or herself based upon personal bias or prejudice either against the moving party or in favor of any adverse party. Section 144 requires the moving party to submit a timely and sufficient affidavit of personal bias and prejudice. *See Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997). Because Plaintiffs have failed to provide such an affidavit, they have failed to satisfy the jurisdictional requirements of § 144.

2

Title 28 U.S.C. § 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The goal of this provision "is to avoid even the appearance of partiality." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988). Pursuant to § 455, I am not required to accept all factual allegations "as true and the test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Glass v Pfeffer*, 849 F.2d 1261, 1268 (10th Cir. 1988) (internal quotation marks omitted). " The standard is objective" and "[t]he inquiry is limited to outward manifestations and reasonable inferences drawn therefrom." *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994).

Plaintiffs fail to assert the reason or reasons they seek my recusal in the instant action. Construing their pleadings liberally, I infer that they seek recusal because I dismissed the instant action with prejudice. The judicial ruling of dismissal in this case does not constitute a valid basis for a motion to recuse. Therefore, the request for my recusal is denied.

*Reconsideration Pursuant to Red. R. Civ. P. 60(b)*

Fed. R. Civ. P. 60(b)(1) allows a court to relieve a party of a final order if the court has made a mistake of fact or law. Such relief is, however, "only appropriate in extraordinary circumstances." *Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994). Furthermore, where a party asserts a Rule 60(b) motion predicated on a

mistake of law, the motion must be filed within the time allowed to file a notice of appeal. *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 578 (10th Cir. 1996).[2]

It is unclear whether Plaintiffs assert I have made a mistake of fact or a mistake of law. It is, however, of no consequence to my resolution of this matter. If Plaintiffs assert a mistake of law, their Rule 60(b) Motion is time-barred. Plaintiffs had sixty days to file a notice of appeal from the date my Order of Dismissal (Doc. 7) was issued, June 29, 2009. Plaintiffs' Rule 60(b) motion is filed nearly ten months too late, and it is appropriately denied as untimely.

To the extent Plaintiffs assert my Order of Dismissal was predicated upon a mistake of fact, their argument is without merit. As I noted in my Order of Dismissal, the instant *Bivens* action was filed against the district court judge and others involved in No. 97-cv-00491-TC in an attempt to overturn the district court's amended judgment and order of forfeiture entered on October 12, 1999. In effect, the instant *Bivens* action is an attempt to preserve for appellate consideration the merits of the October 12 ruling. Plaintiffs may not achieve through a separate lawsuit the opportunity they forfeited by failing to pursue an appeal from the district court's October 12 ruling. Plaintiffs argument to the contrary, their Rule 60(b) motion presents no extraordinary circumstances that convince me the factual underpinnings of my Order of Dismissal are erroneous.

To the extent Plaintiffs challenge the collateral effect the October 12 ruling had on their ability to obtain a federal firearms license from the ATF, they fail to understand that the purpose

---

[2] As Defendants note, granting relief under Rule 60(b) is improper if doing so would be futile. *See LaFleur v. Teen Help*, 342 F.3d 1145, 1154 (10th Cir. 2003). I do not address Defendants' futility arguments, however, because I find Plaintiffs have failed to establish that my Order of Dismissal was predicated on either a mistake of fact or a mistake of law.

of a Fed. R. Civ. P. 60(b) motion is to obtain reconsideration of the underlying judgment in *this case*. This is not the appropriate means to challenge the collateral effect the October 12 ruling had on their ability to obtain a federal firearms license and pursue a federal firearms business.

Accordingly, it is ORDERED that the request for recusal contained in the motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure filed by Plaintiffs, William M. York and Nathan J. York, on June 23, 2010, is denied. It is further ordered that the Rule 60(b) Motion and the amendment to the motion filed on June 23 and 24, 2010, respectively, are denied.

Dated: August 25, 2010

/**s/John L. Kane**
SENIOR U.S. DISTRICT JUDGE